UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ............................................. )<br>**MICHAEL RUSSO**, of Scarborough, County of )<br>**Cumberland, and State of Maine** )<br> )<br> *Plaintiff,* )<br> )<br>v. )<br> )<br>**VALMET, Inc.**, a Delaware Corporation with a )<br>place of business in Duluth, Georgia )<br>and )<br>**VALMET, INC. DEFINED BENEFIT PLAN,** )<br> )<br> *Defendants.* )<br>............................................. | **CASE NO.:** |

# C O M P L A I N T

NOW COMES Plaintiff, Michael Russo, by and through his counsel, and for his Complaint against Defendants, states as follows:

## PARTIES

1. Plaintiff is a resident of the Town of Scarborough, County of Cumberland and State of Maine.

2. Defendant Valmet, Inc. ("Valmet") is, on information and belief, a corporation organizing and existing under the laws of the State of Delaware, having a principal place of business in Duluth, Georgia.

3. Defendant Valmet, Inc. Defined Benefit Plan (the "Plan") is an employee retirement benefit plan established and administered by Valmet.

## JURISDICTION

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1337 and 29 U.S.C. §1132(e).

1

5. Additionally, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a dispute between citizens of different states and the claims exceed $75,000.00 exclusive of interest and costs.

6. Venue in this district is proper pursuant to 29 U.S.C. §1132(e)(2) because breach of the plan took place in this district.

## COUNT I

7. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq.*, and more particularly sections 1106(a)(1)(B) and 1132(a)(3)(B) of that Act.

8. Plaintiff entered into the employ of Valmet on or about July 17, 2000, initially as product sales manager at Valmet's location in Clarks Summit, Pennsylvania.

9. In 2010, Valmet placed Plaintiff in a new position as mill sales manager at its Appleton, Wisconsin division.

10. At all relevant times, the Plan, or its substantially similar predecessor, was in effect.

11. Section 1.17 of the Plan provides in part: "'Eligible Employee' means any Employee."

12. Section 1.18 of the Plan provides:

"Employee" means any person who is employed by the Employer or Affiliated Employer, and excludes any person who is employed as an independent contractor. Employee shall include Leased Employees within the meaning of Code Sections 414(n)(2) and 414(o)(2) unless such Leased Employees are covered by a plan described in Code Section 414(n)(5) and such Leased Employees do not constitute more than 20% of the recipient's non-highly compensated work force.

13. Plaintiff meets the above definitions of Employee and Eligible Employee.

14. At various times, including on or about February 16, 2018, Plaintiff made a demand for coverage under the Plan to Valmet.

15. By Notice of Denial dated July 24, 2018, Defendants denied Plaintiff's claim.

16. Plaintiff submitted a timely appeal of that denial to Defendants pursuant to the Plan's appeal procedures.

17. By letter dated January 15, 2019, Defendants issued their final decision to deny Plaintiff's appeal, on the stated grounds that the Plan never applied to employees at the Clarks Summit division, but did apply, *inter alia*, to employees at the Appleton division.

18. Plaintiff in fact had been an employee at the Appleton division since 2010.

19. In denying Plaintiff's appeal, Defendants closed the administrative record and determined that all administrative remedies had been exhausted.

20. Plaintiff is a participant within the meaning of Section 3(7) of ERISA and/or a beneficiary within the meaning of Section 3(8) of ERISA.

21. Under the terms of the Plan, Defendants agreed to provide Plaintiff with specified benefits, including retirement benefits.

22. Defendant has failed and refused to provide such benefits to Plaintiff.

23. The denial of benefits to Plaintiff constitutes a breach of the Plan.

24. Defendant has arbitrarily and capriciously breached its obligations under the Plan.

25. Plaintiff seeks reimbursement and compensation for any and all benefits he is entitled to receive, and for any and all other losses and damages caused by Defendants, in an amount to be shown at trial.

WHEREFORE, Plaintiff respectfully requests this honorable Court to grant the following relief:

    A. Issue a declaratory judgment that Plaintiff is entitled to benefits under the Plan;

    B. Require Defendants to treat Plaintiff as a beneficiary under the Plan and to pay Plaintiff the monthly pension to which he is entitled;

    C. Enter judgment against Defendants, jointly and severally, in such amounts as will be shown at trial, including future benefits payable under the Plan and any and all other damages available at law;

    D. Award Plaintiff his costs and attorneys' fees; and

    E. Grant such other and further relief as is just and proper.

## COUNT II

26.    Plaintiff repeats and realleges the allegations set forth above with the same force and effect as if fully set forth herein.

27.    In seeking to hire Plaintiff in the summer of 2000, Valmet made various representations to the effect that he would receive a company-funded retirement plan and that if he worked for Valmet for at least five years, his start date would relate back to the date of his prior employment so that he would receive an enhanced benefit.

28.    Plaintiff accepted Valmet's offer of employment in reliance upon, among other representations, the assurance that the terms of his employment would include a company-paid retirement plan, which he was told was, and understood to be, a defined benefit plan, with additional benefits based on his prior work history, provided he continued his employment with Valmet for at least five years.

29.    These representations induced Plaintiff to leave his employment at the time and accept Valmet's offer of employment to his detriment.

30.     To the extent Defendants have failed to provide Plaintiff with retirement benefits as promised at the time of hire, Defendants have breached their fiduciary duties to Plaintiff.

WHEREFORE, Plaintiff, pursuant to 29 U.S.C. §1132(a)(3) requests that this honorable Court grant appropriate equitable relief, including reformation of the terms of the Plan if necessary to include Plaintiff as a participant and beneficiary thereunder; injunctive relief requiring Defendants both to pay Plaintiff all benefits that had accrued to the time of the order and to provide ongoing monthly benefits going forward; an order requiring restitution by Defendants for all of Plaintiff's losses caused by Defendants' conduct; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and equitable.

DATED at Portland, Maine this 12th day of July, 2019.

/s/ Edward S. MacColl
Edward S. MacColl
Attorney for Plaintiff Michael Russo

/s/ Marshall J. Tinkle
Marshall J. Tinkle
Attorney for Plaintiff Michael Russo

THOMPSON, MACCOLL & BASS, LLC, P.A.
15 Monument Square, 4th Floor
P.O. Box 447
Portland, ME  04112-0447
(207) 774-7600