UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL RUSSO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:19-cv-00324-DBH |
| | ) | |
| VALMET, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON MOTION FOR DISCOVERY

Plaintiff seeks retirement benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*  Plaintiff claims Defendants, which consist of his employer Valmet, Inc. and its defined benefit plan, wrongly denied him benefits.  Plaintiff also asserts a breach of fiduciary duty claim, alleging that when he accepted the offer of employment from Valmet, he relied on Valmet's representation that he would be entitled to benefits under the plan.

The matter is before the Court on Plaintiff's request to conduct discovery and for a later modification of the administrative record.  (Motion, ECF No. 23.)  Following a review of the pleadings and after consideration of the parties' arguments, I grant in part the motion.

## DISCUSSION

Plaintiff seeks leave to obtain discovery from Defendants on a number of topics, including Valmet's corporate structure and history, Valmet's employee benefit and retirement plans, the identity of employees who worked at various Valmet locations,

complaints from employees regarding the failure to pay benefits, communications relating to Plaintiff's entitlement to benefits, and the bases for Defendants' claimed affirmative defenses.

"Discovery is the exception, rather than the rule, in an appeal of a plan administrator's denial of ERISA benefits." *Ferry v. Prudential Ins. Co. of Am.*, No. CIV. 10-211-P-S, 2010 WL 4363381, at *1 (D. Me. Oct. 28, 2010), on reconsideration, No. 2:10-CV-211-GZS, 2011 WL 322000 (D. Me. Jan. 30, 2011). "The decision to which judicial review is addressed is the final ERISA administrative decision." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005). "Because full-blown discovery would reconfigure that record and distort judicial review, courts have permitted only modest, specifically targeted discovery in such cases." *Denmark v. Liberty Life Assur. Co. of Bos.*, 566 F.3d 1, 10 (1st Cir. 2009). "[A]t least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003).

In Count I of his complaint, Plaintiff claims pursuant to 29 U.S.C. § 1132(a)(1)(B) that under the plan, he is an "eligible employee" and thus entitled to benefits under the plan, which benefits Defendants improperly denied him. He claims in Count II that if he cannot recover plan benefits under subsection (a)(1)(B), he would be entitled to equitable relief under 29 U.S.C. § 1132(a)(3) because he accepted Valmet's job offer in reliance upon assurances that he would be a member of the plan. Specifically, Plaintiff claims:

In seeking to hire Plaintiff in the summer of 2000, Valmet made various representations to the effect that he would receive a company-funded retirement plan and that if he worked for Valmet for at least five years, his start date would relate back to the date of his prior employment so that he would receive an enhanced benefit. (Complaint, ¶ 27.)

Plaintiff accepted Valmet's offer of employment in reliance upon, among other representations, the assurance that the terms of his employment would include a company-paid retirement plan, which he was told was, and understood to be, a defined benefit plan, with additional benefits based on his prior work history, provided he continued his employment with Valmet for at least five years. (*Id*., ¶ 28.)

These representations induced Plaintiff to leave his employment at the time and accept Valmet's offer of employment to his detriment. (*Id*., ¶ 29.)

As previously recognized in the Court's Decision and Order on Motion to Dismiss (ECF No. 17), Plaintiff's claim under subsection (a)(3) is distinct from his claim under subsection (a)(1)(B). (Decision at 4-5.) While a plaintiff may not obtain relief under subsection (a)(3) if he is able to obtain relief under subsection (a)(1)(B), if this Court determines that Plaintiff was not a member of the plan at issue, he may still recover under his subsection (a)(3) claim. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). As one court has explained, subsection (a)(3) "specifically allows civil actions for violations of any provision of ERISA itself, not claims for benefits under ERISA plans." *Jensen v. Solvay Chems*., Inc., 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007).

Given the distinction between claims under subsections (a)(3) and (a)(1)(B), some courts have found that the typical limitation on discovery in ERISA cases does not apply to claims for equitable relief under subsection (a)(3) or to claims for equitable estoppel, "because these types of actions 'do not benefit from the administrative process.'" *Kostecki v. Prudential Ins. Co. of Am*., No. 4:14-cv-695 JCH, 2014 WL 5094004, at *1 (E.D. Mo.

Oct. 10, 2014) (quoting *Jensen*, 520 F. Supp. 2d at 1355); *see also, e.g., Malbrough v. Kanawha Ins. Co*., 943 F. Supp. 2d 684, 692 (W.D. La. 2013); *Moran v. Life Ins. Co. of N. Am. Misericordia Univ*., Civil Action No. 3:CV-13-765, 2014 WL 4251604, at *9 (M.D. Pa. Aug. 27, 2014); *Milby v. Liberty Life Assur. Co*., Civil Action No. 3:13-CV-487-CRS, 2016 WL 4599919, at *5 (W.D. Ky. Sept. 2, 2016).  Courts have concluded that discovery pursuant to subsection (a)(3) claims should proceed as in any other civil matter.  *See, e.g., Jensen*, 520 F. Supp. 2d at 1356 (where a claim arises from subsection (a)(3), discovery "reverts … into the traditional realm and is governed under traditional federal, circuit, and local procedure").

The reasoning of the courts is sound to the extent the courts recognize that in certain cases, some information relevant to a claim under subsection (a)(3) might not necessarily be included in the administrative record.  Any discovery to obtain the information, however, can be limited and focused.  While the Court will permit focused discovery by Plaintiff, requests that are "unreasonably cumulative or duplicative" must be limited.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Therefore, to the extent Plaintiff requests discovery that is duplicative and cumulative of documents in the administrative record, Defendants are not required to provide the information in response to Plaintiff's discovery requests.

As to some of Plaintiff's specific discovery requests, the Court is not persuaded that information regarding Valmet's corporate structure and history are relevant to his subsection (a)(3) claim.  Furthermore, comparator discovery is not warranted here, because Plaintiff's claim involves neither allegations of discrimination nor inconsistent

4

administration of the plan, but instead rests on alleged misrepresentations that were individually addressed to him.

## CONCLUSION

Based on the foregoing analysis, I grant in part Plaintiff's motion. (ECF No. 23.) Plaintiff may request in discovery through interrogatory and/or a request for documents, communications between Plaintiff and any of Defendants' employees or agents, prior to the start of Plaintiff's employment with Valmet in 2000, regarding the benefits that would or would not be available to Plaintiff.  Discovery shall be completed on or before September 30, 2020.[1]

Plaintiff also moved for later modification of the administrative record. To the extent Plaintiff asks the Court to permit Plaintiff to move to modify the record before the Court until after the completion of discovery, I grant the request.  A party may move to modify the administrative record on or before October 15, 2020.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of July, 2020.

---

[1] In their opposition to the motion for discovery, Defendants ask the Court for leave to conduct limited defensive discovery if the Court permits Plaintiff to conduct discovery.  Because Defendants did not identify the discovery they wish to conduct, the Court has not authorized Defendants to conduct any specific discovery.  If upon review of this order, Defendants believe some specific limited discovery is warranted given the scope of discovery Plaintiff may conduct, Defendants can file an appropriate motion for the Court's consideration.