UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL RUSSO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:19-cv-00324-DBH |
| | ) | |
| VALMET, INC., et al., | ) | |
| | ) | |
| Defendants | | |

**ORDER ON MOTION TO MODIFY ADMINISTRATIVE RECORD**

Plaintiff seeks retirement benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Plaintiff claims Defendants, which consist of his employer Valmet, Inc. and its defined benefit plan, wrongly denied him benefits.

Plaintiff seeks to modify the administrative record to include five additional documents. (Motion, ECF No. 35.) The documents consist of three email communications from one of Defendants' representatives to Plaintiff, an email communication from Plaintiff to one of Defendants' representatives, and a service award recognizing Plaintiff, among other employees. (Exhibit D, ECF No. 35-1.)

After consideration of the parties' arguments, the Court denies the motion.

### DISCUSSION

Plaintiff maintains the documents are relevant to the Court's review of the administrative decision regarding Plaintiff's retirement benefits as the documents were generated by Defendants and the documents should have been in Plaintiff's personnel file.

Defendants contend Plaintiff should not be permitted to supplement the record at this stage given that the documents were available to Plaintiff during the administrative process and Plaintiff failed to introduce them during the administrative proceedings.

"The decision to which judicial review is addressed is the final ERISA administrative decision." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005). "[A]t least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003).

While the First Circuit has not explicitly identified the circumstances that would constitute a "very good reason" to supplement the record, other courts have described the types of situations that might warrant leave to supplement the record:

> To provide guidance to district courts on this issue we note that the following exceptional circumstances could warrant the admission of additional evidence:
>
> > claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993)).[1]

Here, the documents do not appear to be necessary to assess any expert testimony, to demonstrate any shortcomings of the administrative process, or to interpret the terms of the benefit plan. Furthermore, the Court can discern no impediment to Plaintiff's ability to introduce the documents during the administrative proceeding. The Court, therefore, finds no basis to "overcome the strong presumption that the record on review is limited to the record before the administrator." (*Id.*)

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to modify the administrative record.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of February, 2021.

---

[1] The First Circuit cases are consistent with the other courts' exemplar categories. *See Denmark v. Liberty Life Assur. Co. of Bos.*, 566 F.3d 1, 10 (1st Cir. 2009) (suggesting discovery may be appropriate concerning conflicts of interest if the administrator failed to document its procedures); *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005) (suggesting that supplementation may be warranted if the plaintiff was denied the opportunity to present evidence before the administrator).